In the Matter of DONALD A. MARSHALL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 19, 1989

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly* for petitioner.

*Emil M. Rossi* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Fourth Department, in July 1956 and has practiced law in Syracuse since that time. The petition of the Grievance Committee for the Fifth Judicial District charged respondent with violations of Code of Professional Responsibil-

ity DR 1-102 (A) (3), (4), (5), (6), which provide that a lawyer shall not engage in illegal conduct involving moral turpitude; shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation; shall not engage in conduct that is prejudicial to the administration of justice; shall not engage in any other conduct that adversely reflects on his fitness to practice law. Respondent, in his answer to the petition, admits each and every allegation contained therein and addresses himself solely to mitigation.

The allegations against respondent stem from an FBI investigation which uncovered a massive corruption scheme involving former City of Syracuse Mayor Lee Alexander and various political associates. The scheme involved the extortion of millions of dollars in kickbacks from contractors, architects, lawyers and other professionals who contracted to do work for the city.

The instant charges concern a part of that conspiracy wherein respondent and his law partner, Eugene Bersani, agreed to pay Alexander a percentage of the fees they received for legal work performed for the City of Syracuse, which work was channelled to the firm by Alexander. According to the petition, and admitted by respondent, the law firm received approximately $2,000,000 in fees from the City of Syracuse for tax assessment and real estate work. The petition also alleges that between 1978 and 1985 the firm received $1,362,415 in fees for tax cases. Respondent testified before the Grand Jury that he paid 20% of his legal fees to the former Mayor.

When an investigation into the stewardship of Mr. Alexander commenced, respondent was interviewed by agents of the FBI and IRS and denied any knowledge of an illegal or improper arrangement with Mr. Alexander. He later recanted and admitted that he lied to the agents.

Under a grant of immunity, respondent testified before a Special Federal Grand Jury impaneled to investigate the Alexander matter, and he admitted to the kickback scheme between the Bersani and Marshall law firm and Alexander and his complete involvement therein. He admitted that his actions were wrong and that he knew they were wrong when he began and when he continued to participate in the arrangement.

Respondent's allegations in mitigation are to no avail. He admittedly was guilty of serious violations of disciplinary

rules, is guilty of professional misconduct and should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of disbarment entered.