In the Matter of KEITH R. WOLFE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 19, 1989

## APPEARANCES OF COUNSEL

*Paul J. Ginnelly* for petitioner.

*Edward Z. Menkin, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court in 1978 and maintains an office for the practice of law in Syracuse. By petition dated January 10, 1989, the Grievance Committee for the Fifth Judicial District charged respondent with violating the Code of Professional Responsibility DR 1-102 (A) (3) (illegal conduct involving moral turpitude), DR 1-102 (A) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), and DR 1-102 (A) (6) (conduct adversely reflecting on his fitness to practice law). In his answer respondent admits the allegations of the petition but advances various contentions in mitigation. Petitioner has submitted the matter to our court for imposition of an appropriate disciplinary sanction.

These charges arise from respondent's participation in a kickback scheme entered into between the law firm of Bersani and Marshall *(see, Matter of Marshall* 146 AD2d 209 [decided herewith]) and Lee Alexander, the former Mayor of Syracuse. In return for a "kickback" of 20% of their billings, Alexander arranged for the firm to represent the city and its development agencies in connection with condemnation and tax certiorari litigation and issuance of industrial development bonds. When respondent was made a partner in the firm in January 1984, he began participating in the kickbacks. Payments were made through Bersani, who acted as a "bagman" for the Mayor in connection with this and related kickback schemes. Other participants in the scheme, including Alexander and Bersani, were indicted and convicted in Federal court. As a result of his cooperation with the investigation, respondent was not indicted.

Respondent's arguments in mitigation are not persuasive. There can be little doubt, and in fact respondent's submissions themselves make clear, that respondent appreciated the nature of his acts and the potential consequences but nevertheless participated in the scheme for purely financial reasons. Respondent's acts were serious violations of the trust reposed in him in his position as counsel for the city and municipal agencies. In the absence of any truly mitigating factors, we conclude that he should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of disbarment entered.