[636 NYS2d 621]

In the Matter of Svi Zer, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 1995

### APPEARANCES OF COUNSEL

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John S. Carro* of counsel *(Carro, Velez, Carro & Mitchell, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First judicial Department on December 3,

1990. At all times relevant to these proceedings, he has maintained an office within the First Department.

The Departmental Disciplinary Committee has moved for an order immediately suspending respondent from the practice of law until the further order of this Court.

The respondent has been indicted, charged with 21 counts, including conspiracy in the fourth degree. It is charged that he conspired with two people (one of them an undercover police officer) to assault and extort money from several people, including two former clients. One of the intended victims was an attorney who represented the adverse party in a matrimonial litigation in which the respondent had been retained. The indictment alleges that the conspirators sought to force that attorney to settle the matrimonial litigation favorably to respondent's client by assaulting the attorney and causing him serious physical injury.

The Court has been provided with a transcript of a tape recording surreptitiously made by the undercover police officer. The transcript reveals agreements to cause serious physical injury to several people in aid of extortion. It would appear from these conversations, in which respondent was allegedly a participant, that he was the prime mover in these schemes.

Respondent has, to date, not answered the complaint herein.

The uncontested evidence of professional misconduct warrants the suspension of the respondent from the practice of law pending the conclusion of disciplinary proceedings.

Accordingly, the respondent should be suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (iii), pending the conclusion of disciplinary proceedings and until further order of this Court.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ROSS and ASCH, JJ., concur.

Motion granted and respondent suspended from the practice of law, effective immediately, and pending the conclusion of disciplinary proceedings and until the further order of this Court.