[661 NYS2d 199]

In the Matter of RICHARD YAO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 1997

## APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard Yao,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Richard Yao, was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1985. At all times relevant to this proceeding, respondent resided and conducted business, but did not actively practice law, within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) moves for an order pursuant to 22 NYCRR 603.4 (d) and Judiciary Law § 90 (2), finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3) (engaging in illegal conduct involving moral turpitude); DR 7-102 (A) (1) (22 NYCRR 1200.33) (filing a lawsuit or taking legal action knowing that such would serve merely to harass or maliciously injure another); and DR 7-102 (A) (2) (knowingly advancing a claim that is unwarranted under existing law), and referring this matter back to the Disciplinary Committee solely to consider evidence in mitigation or aggravation, if any, and to recommend the appropriate sanction. In the event this Court finds that respondent violated DR 1-102 (A) (3) (illegal conduct involving moral turpitude), the DDC additionally requests an order temporarily suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii).

The charges herein are based on the decision of the Supreme Court, New York County (Herman Cahn, J.), in *Yao v Bult*, dated September 5, 1996. *Yao v Bult* is a breach of contract action that respondent commenced in December of 1995 against John Bult, a wealthy financial executive with whom he had a brief, intimate relationship. In the complaint, respondent alleged that he and Mr. Bult had entered into an enforceable oral contract pursuant to which Mr. Bult agreed to pay respondent $10,000 per month for life in exchange for respondent's promise not to publicize certain embarrassing information about Mr. Bult's personal life. Respondent's complaint alleged that Mr. Bult had breached the contract after making one payment, causing him to suffer $15 million in actual damages. Respondent also sought $5 million in punitive damages.

Mr. Bult moved to dismiss the complaint for failure to state a cause of action or, in the alternative, to strike scandalous and prejudicial material from the complaint, and for sanctions based on the "frivolous and extortionate" nature of plaintiff's claims.

By decision dated September 5, 1996, Justice Cahn dismissed the action and imposed sanctions on both respondent ($10,000) and his attorney ($1,000). The court found the alleged oral agreement to be illegal, describing it as "nothing more than an attempt to extort money from an apparently wealthy but vulnerable individual."

In the instant petition, the DDC contends that, pursuant to the doctrine of collateral estoppel, Justice Cahn's decision establishes that respondent violated the following provisions of the Code of Professional Responsibility: DR 1-102 (A) (3) (engaging in illegal conduct involving moral turpitude); DR 7-102 (A) (1) (knowingly filing a lawsuit that will merely serve to harass or maliciously injure another); and DR 7-102 (A) (2) (knowingly advancing a claim that is unwarranted under existing law).

To invoke the doctrine of collateral estoppel, the legal issues raised and resolved in the proceeding before Justice Cahn must have been identical to those which would otherwise be decided by the DDC and this Court in a disciplinary proceeding *and* respondent must have had a full and fair opportunity to litigate those issues before the Supreme Court (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65). The Supreme Court proceeding satisfies these requirements.

Contrary to his assertions, respondent had a full and fair opportunity to litigate the issues herein in the civil court action. While it is true that respondent did not have an opportunity to call witnesses on his behalf, he certainly had, and took full advantage of, the opportunity to oppose Mr. Bult's motion to dismiss.

Respondent also argues that it would be inappropriate for this Court to invoke the doctrine of collateral estoppel at this time because his appeals have not yet been exhausted.

However, this Court routinely enters findings of professional misconduct based on attorneys' convictions of a "serious crime" before appeals from those convictions are determined. Given the nature of respondent's misconduct, it would be improvident for this Court to wait for his appeals to be determined.

The plain meaning of the complaint amply supports Justice Cahn's decision that the agreement with Mr. Bult was

extortionate. Pursuant to New York's Penal Law, extortion is defined as follows:

"A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will * * *

"(v) Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule." (Penal Law § 155.05 [2] [e] [v].)

Among other things, the complaint expressly asserts that respondent and Bult entered into an agreement whereby Bult agreed to pay large sums of money "in exchange for Yao not revealing publicly what Yao knew about Bult's personal life." In light of this assertion, there is no merit to respondent's contention that the agreement is not extortionate.

Nor is there any merit to his contention that his actions do not constitute a violation of DR 1-102 (A) (3). It is well settled that extortion constitutes "illegal conduct involving moral turpitude" within the meaning of DR 1-102 (A) (3) (see, e.g., Matter of Marshall, 146 AD2d 209 [attorney disbarred due to his involvement in extortionate kickback scheme with the former Mayor of Syracuse]; see also, Matter of Greenwald, 278 App Div 76).

Similarly unavailing is respondent's contest to the applicability of DR 7-102 (A) (1) and (2). According to him, Justice Cahn's decision cannot be used to establish violations of these rules because they contain language limiting their applicability to actions by an attorney in the representation of a client. Respondent was, technically, the client, not the attorney in Yao v Bult. Respondent goes on to deny knowing that the lawsuit could have been considered to be "frivolous," claiming that he had been a corporate attorney who had never set foot in a courtroom and who had completely relied on the expertise of the attorney he retained to bring that action.

However, respondent falls within the essence of these rules since, as the IAS Court noted, he was the principal force behind the prosecution of the case. The IAS Court was so convinced of respondent's involvement that it sanctioned him $10,000. Notably, respondent personally verified the complaint and submitted his own lengthy affidavit in opposition to Bult's motions to dismiss and for sanctions.

Since the Committee has met its burden of proving an identity of issues and that respondent had a full and fair op-

portunity to litigate the issue in the prior proceeding, the doctrine of collateral estoppel is applicable. Accordingly, we find that respondent is guilty of professional misconduct in violation of DR 1-102 (A) (3) and DR 7-102 (A) (1) and (2) and refer this matter to the Committee for a hearing solely to consider evidence in mitigation or aggravation, if any, and for a recommendation by the Committee of the appropriate sanction to be imposed upon respondent.

Further, the allegations made by respondent in the verified complaint in *Yao v Bult* constitute "substantial admissions under oath" and "documentary evidence" of his professional misconduct which clearly establish that respondent tried to blackmail Mr. Bult in violation of Penal Law § 155.05 (2) (e) (v) and (ix), constituting a violation of DR 1-102 (A) (3). Respondent's lack of fitness to practice law is further established by his abuse of the court system by attempting to use it to enforce extortionate demands as well as the fact that the complaint is replete with unnecessarily graphic language. Such behavior demonstrates that respondent constitutes a danger to the public.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of disciplinary charges against him upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon:

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or

"(iii) other uncontested evidence of professional misconduct." (22 NYCRR 603.4 [e] [1].)

As the DDC asserts, and the IAS Court found, the complaint seeks to enforce an illegal, extortionate contract. The IAS Court was so appalled at respondent's behavior, and concerned that he might repeat that behavior, that it imposed the maximum sanction allowable. Such behavior certainly represents an immediate danger to the public.

Since respondent's own sworn admissions show that respondent has committed misconduct and that such misconduct poses an immediate threat to the public interest, the Committee's petition for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), temporarily suspending respondent from the practice of law upon respondent's substantial admissions and uncontested evidence of professional misconduct, is also granted.

SULLIVAN, J. P., ROSENBERGER, WALLACH, NARDELLI and WILLIAMS, JJ., concur.

Petition granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.