[680 NYS2d 546]

In the Matter of RICHARD YAO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1998

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard Yao,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard Yao, was admitted to the practice of

law in the State of New York by the Second Judicial Department on February 27, 1985. At all times relevant to this proceeding, respondent resided and conducted business, but did not actively practice law, within the First Judicial Department.

In a prior order and decision entered July 17, 1997 (*Matter of Yao*, 231 AD2d 346), this Court granted a petition for collateral estoppel against respondent, finding, on the basis of a prior decision and order of the Supreme Court, New York County, that respondent committed extortion in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [illegal conduct involving moral turpitude]) and engaged in frivolous litigation in violation of DR 7-102 (A) (1) and (2) (22 NYCRR 1200.33 [filing a lawsuit to harass or maliciously injure another and knowingly advancing a claim that is unwarranted under the law]). Furthermore, this Court suspended respondent on an interim basis pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii). Our decision and order directed a Hearing Panel to convene to hear evidence in mitigation and/or aggravation of respondent's misconduct, and to recommend an appropriate sanction.

Thereafter, considering the evidence offered at the hearing, the Hearing Panel recommended that respondent be suspended for five years from July 17, 1997, nunc pro tunc, the effective date of his suspension. The Disciplinary Committee had recommended that respondent be disbarred because he had effectively been found guilty of extortion, a felony under the Penal Law. The Hearing Panel, however, noted that respondent had not been criminally prosecuted and found guilty of the criminal offense of extortion. The Hearing Panel further found that the explanation that the lack of criminal prosecution was due to the fact that the District Attorney was reluctant to expose respondent's victim to the publicity of a criminal trial was pure speculation. However, the Hearing Panel did find that respondent's misconduct "is extraordinarily serious," stating that respondent's own affidavit, "at a minimum, establishes that he attempts to utilize his legal learning as a sword to take advantage of those with whom he has homosexual relations."

In 1992, respondent extorted a wealthy financial executive by threatening to tell the world he was gay and had a former lover with AIDS, unless the executive paid him $10,000 a month for life. In 1995, after the executive refused to make

more than one payment, respondent, aided by counsel, filed a $20 million lawsuit alleging that the executive breached their "contract." This suit was dismissed when a New York County Supreme Court Justice determined that the "contract" was extortionate and respondent and his counsel were monetarily sanctioned for instituting frivolous litigation. Respondent's sanction was $10,000, 10 times greater than that against his counsel, and the maximum amount permitted under 22 NYCRR 130-1.1. The Supreme Court's sanction and order of dismissal was affirmed by us on appeal (*see, Yao v Bult*, 245 AD2d 136).

At the sanctions hearing before the Hearing Panel ordered by this Court, there was proof offered of respondent's criminal conviction in the Supreme Court, New York County, on December 1, 1995 for aggravated harassment. In addition, the Committee offered proof that respondent was motivated to commit extortion by financial distress as evidenced by three Federal tax liens noticed between 1991 and 1993, amounting to almost $20,000.

In *Matter of Marshall* (146 AD2d 209) and *Matter of Greenwald* (278 App Div 76), attorneys charged with extortion were both disbarred. Respondent's lack of mitigating evidence, criminal history and failure to appear at his hearing constitute aggravating factors not present in those disbarment cases. Respondent also has shown no remorse. While respondent defaulted, as noted, upon this motion he seeks to introduce mitigating evidence, including allegations that he is a rape victim, has no disciplinary record and that the executive whom he is accused of extorting is "a sexual predator who has a history of pouncing on younger innocent victims and exposing them to the threat of HIV and AIDS." The fact that respondent makes these allegations in an affidavit rather than voicing them at the hearing, where he could have been subject to cross-examination, is not only cause to reject them, but appears to be another aggravation of the offenses he has committed.

Further, we remanded the matter to the Hearing Panel for a hearing as to possible mitigation and sanctions. The evidence supporting the Supreme Court's extortion finding was unambiguous and uncontested. Respondent himself swore to facts in a verified complaint that established as a matter of law that he committed extortion. Thus, contrary to the finding of the Hearing Panel, which would have required a determination by a civil jury after trial, we properly relied on collateral estoppel when we previously made that finding (*see, Matter of Yao, supra; Matter of Reilly v Reid*, 45 NY2d 24).

Since we found, based upon the prior Supreme Court decision, that respondent entered into an agreement with the executive that was extortionate and thereby violated DR 1-102 (A) (3) and the appropriate sanction for an attorney who has committed extortion is disbarment (*see, Matter of Marshall, supra*; *Matter of Greenwald, supra*) and that respondent sought to enforce his extortionate agreement and thereby engaged in frivolous litigation in violation of DR 7-102 (A) (1) and (2), and since the Hearing Panel found aggravating factors in this case after respondent defaulted in appearing, the Disciplinary Committee's motion for "such discipline as is just and proper" should be granted. Respondent should be disbarred, and his name should be stricken forthwith from the roll of attorneys.

SULLIVAN, J. P., NARDELLI, WALLACH, WILLIAMS and MAZZARELLI, JJ., concur.

Petition granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name stricken from the roll of attorneys and counselor-at-law in the State of New York, all effective December 3, 1998.