[687 NYS2d 23]

In the Matter of MICHAEL J. ROSENBLATT (Admitted as MICHAEL JON ROSENBLATT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 16, 1999

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard Godosky* of counsel (*Godosky & Gentile, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael J. Rosenblatt was admitted to the

practice of law in New York by the Second Judicial Department on December 14, 1988, as Michael Jon Rosenblatt. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By a notice and statement of charges dated March 13, 1997, the Departmental Disciplinary Committee charged respondent with violating Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3). Respondent allegedly threatened a business associate with physical violence when the latter defaulted in paying the license fees to the copyright owner for a logo used by respondent's restaurant. When questioned by the New York County District Attorney's office and the Committee, respondent allegedly made false and misleading statements.

The Hearing Panel sustained the charges based on the following findings of fact. In 1995, in addition to his law practice, respondent was an officer and shareholder in No Stress Corporation (NSC), which owned and operated a Manhattan restaurant. Respondent hired Rudy Mazur in May 1995 to design a logo for the restaurant, which respondent then used on promotional items and on an awning outside the restaurant. Shortly thereafter, The Stock Market Photo Agency, Inc. sent NSC a cease and desist letter saying that Stock Market owned the rights to the logo, which another artist had actually designed. The parties settled the dispute in June 1995. Mazur agreed to pay $20,000 in four installments on NSC's behalf in return for a two-year exclusive license to use the logo.

Mazur defaulted on the third and fourth payments, upon which respondent and his father allegedly came to Mazur's apartment where respondent threatened Mazur with physical harm if the latter did not make the payments to Stock Market. Respondent also left two threatening messages on Mazur's answering machine on November 24 and 28, 1995. Mazur tape-recorded his subsequent phone conversation with respondent on November 28, in which respondent, using vulgar language, threatened to beat him up and punch him in the head.

Mazur reported respondent to the New York City Police Department that same day. When questioned by the Assistant District Attorney (ADA) on December 7, respondent denied making the threats. He repeated these denials, or said he did not recall the incidents, when deposed by Committee staff in July 1996 and when testifying before the Hearing Panel in the fall of 1997. The Panel refused to credit these denials, citing

the unchallenged evidence of the tape-recorded threats and the fact that the time period between the threats and the ADA's questioning was too brief for the events to have slipped respondent's memory.

The Hearing Panel sustained all of the charges. Respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (8), when he threatened Mazur with physical harm. Respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), and engaged in dishonest conduct, in violation of DR 1-102 (A) (4), when he lied about the incident to the District Attorney's office and made false statements to the Committee under oath. The Panel recommended a public censure rather than a suspension because respondent's threats did not amount to criminal extortion, and also because Mazur recklessly exposed respondent's company to liability by pirating the copyrighted logo and defaulting on the license fees. The Hearing Panel opined that though he reacted inappropriately, respondent was in a stressful and difficult position and had a right to be angry. Moreover, the testimony of three character witnesses indicated to the Hearing Panel that respondent's misbehavior was an isolated aberration.

By petition dated December 17, 1998, the Departmental Disciplinary Committee moves for an order, pursuant to 22 NYCRR 603.4 (d), confirming the Hearing Panel's findings of fact and conclusions of law, and imposing such sanctions as justice may require. We agree with the Committee that a public censure is an insufficient punishment for respondent's misdeeds.

This Court has previously suspended attorneys for making extortionate threats (*Matter of Zer*, 218 AD2d 41, 42 [suspended for conspiring to assault opposing counsel and force a settlement]; *Matter of Yao*, 250 AD2d 221 [suspended and then disbarred for blackmailing executive about sexual relationship]). While respondent's misconduct is perhaps less extreme, and was motivated by justifiable anger at Mazur, an attorney such as respondent is expected to use reasonable legal means to enforce his rights, not violent threats.

His lack of candor with the ADA and the Committee is a serious aggravating factor. Even an isolated incident assumes larger proportions when it becomes the occasion for respondent to deceive the Committee. Respondent's case resembles *Matter of Glotzer* (191 AD2d 112, 115), where we imposed a six-month suspension for forging a client's signature on a stipulation and

lying about it to the Committee. The attorney had an otherwise unblemished record. The same result should prevail in the instant case.

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted. The recommended sanction of public censure should be disaffirmed and respondent should be suspended from the practice of law for six months.

SULLIVAN, J. P., ROSENBERGER, TOM, MAZZARELLI and SAXE, JJ., concur.

Petition granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel, and denied as to the recommended sanction of public censure, and respondent suspended from the practice of law in the State of New York for a period of six months, effective April 15, 1999.