Matter of Wolfe (2019 NY Slip Op 07134)





Matter of Wolfe


2019 NY Slip Op 07134


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

PM-153-19

[*1]In the Matter of Keith R. Wolfe, an Attorney. (Attorney Registration No. 1510668.)

Calendar Date: September 16, 2019

Before: Egan Jr., J.P., Lynch, Clark, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by the Fourth Department in 1978. He presently maintains a business address in the Village of Chittenango, Madison County. Respondent became the subject of an investigation of alleged professional misconduct commenced by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) following AGC's receipt of a December 2018 neglect complaint from a matrimonial client. Following AGC's repeated unsuccessful attempts to gain respondent's cooperation in the investigation, respondent was sent a notice directing him to appear for a May 2019 sworn examination and provide all requested documentation. As a result of respondent's default, AGC, by order to show cause marked returnable September 16, 2019, now moves for an order suspending respondent during the pendency of its investigation pursuant to, among other things, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has not replied to the motion.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notices of complaint and notice of examination, as well as his failure to cooperate by producing his records, despite several requests that he do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and clearly imperils the effectiveness of the attorney disciplinary system (Matter of Yu, 164 AD3d 1009, 1010 [2018]; Matter of Tan, 164 AD3d 1537, 1538 [2018]).[FN1] Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Cracolici, 173 AD3d 1430, 1432 [2019]).
Egan Jr., J.P., Lynch, Clark, Rumsey and Pritzker, JJ., concur.ORDERED that the motion by the Attorney Grievance Committee for the
Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law,
effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is
commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules
for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent
may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further
investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We note that respondent's refusal to cooperate with AGC's investigation is especially troubling given his significant past disciplinary history, which includes his disbarment by the Fourth Judicial Department in 1989 for illegal and fraudulent conduct (Matter of Wolfe, 146 AD2d 234 [1989]), from which he was reinstated by that Court in 2001 (Matter of Wolfe, 280 AD2d 1007 [2001]).