Matter of Stevenson (2019 NY Slip Op 07987)





Matter of Stevenson


2019 NY Slip Op 07987


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

PM-192-19

[*1]In the Matter of Tarley Gwendolyn Stevenson, an Attorney. (Attorney Registration No. 5328539.)

Calendar Date: October 21, 2019

Before: Lynch, J.P., Clark, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2015 and practices federal patent law on the strength of her New York license. She is currently the subject of five separate client complaints being investigated by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), all principally alleging client neglect and the failure to return client property. Following AGC's repeated unsuccessful attempts to gain respondent's cooperation in these investigations, respondent was sent a notice directing her to appear for a July 2019 sworn examination and provide all requested documentation related to the client complaints. As a result of respondent's ensuing default, AGC, by order to show cause marked returnable October 21, 2019, now moves for an order suspending respondent from the practice of law during the pendency of its investigation pursuant to, among other things, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9.[FN1] Respondent has not replied or responded to the motion.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notices of complaint and notice of examination, as well as her failure to cooperate by producing her records, despite repeated requests that she do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and clearly imperils the effectiveness of the attorney disciplinary system (Matter of Yu, 164 AD3d 1009, 1010 [2018]; Matter of Tan, 164 AD3d 1537, 1538 [2018]). Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we remind respondent of her affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that her failure to do so within six months of this order may result in her disbarment without further notice (see Matter of Wolfe, ___ AD3d ___, ___, 2019 NY Slip Op 07134, *1 [2019]; Matter of Cracolici, 173 AD3d 1430, 1432 [2019]).
Lynch, J.P., Clark, Mulvey and Pritzker, JJ., concur.ORDERED that the motion by the Attorney Grievance Committee for the
Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law,
effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is
commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules
for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent
may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further
investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We note that, during the pendency of this motion, respondent failed to timely register with an updated address and pay attorney registration fees for the 2019-2020 biennial period in accordance with New York attorney registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1) and, therefore, is subject to potential disciplinary action on this basis (see Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706 [2019]).