Matter of Stevenson (2020 NY Slip Op 03170)





Matter of Stevenson


2020 NY Slip Op 03170


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

PM-79-20

[*1]In the Matter of Tarley Gwendolyn Stevenson, a Suspended Attorney. (Attorney Registration No. 5328539.)

Calendar Date: May 26, 2020

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2015. She formerly practiced federal patent law on the strength of her New York license. By November 2019 order, this Court suspended respondent from the practice of law on an interim basis due to her failure to cooperate and provide information requested by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) necessary to investigate five client complaints principally alleging neglect of legal matters and the failure to return client property (177 AD3d 1076 [2019]). Said suspension remains in effect.
AGC now seeks respondent's disbarment pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the basis that she has failed to respond to AGC's lawful demands in furtherance of its investigations within six months from the date of entry of this Court's suspension order.[FN1] We note that AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Yoo Rok Jung, 148 AD3d 1, 3 [2017]). Nonetheless, respondent has failed to respond or appear, demonstrating a clear disregard for her fate as an attorney. Accordingly, we find that, under the circumstances, AGC's motion should be granted and respondent should be disbarred (see Matter of Reynolds, 175 AD3d 1765, 1766 [2019]; Matter of Hessberg, 173 AD3d 1549, 1550 [2019]; Matter of Yu, 170 AD3d 1421 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]).
Lynch, J.P., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further 
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We further observe that respondent has failed to submit an affidavit of compliance in accordance with the terms of the suspension order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).