Matter of Brownell (2020 NY Slip Op 06004)





Matter of Brownell


2020 NY Slip Op 06004


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

PM-139-20

[*1]In the Matter of Glen W. Brownell, a Suspended Attorney. (Attorney Registration No. 1973387.)

Calendar Date: September 28, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1985. He previously maintained an office for the practice of law in the City of Schenectady, Schenectady County; however, in July 2018, this Court suspended him from the practice of law for 90 days upon sustained allegations of professional misconduct (163 AD3d 1346 [2018]). Thereafter, in an unrelated matter, this Court suspended respondent from the practice of law for a period of six months upon sustained violations of eight distinct provisions of the Rules of Professional Conduct (22 NYCRR 1200.0) with respect to his representation of a domestic relations client (166 AD3d 1162 [2018]). By February 2020 order, this Court again suspended respondent from the practice of law due to his failure to completely provide information requested by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) necessary to investigate five more complaints of professional misconduct (180 AD3d 1218 [2020]). All of these concurrent suspension orders remain in effect.[FN1]
AGC now seeks to disbar respondent from the practice of law pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the basis that he has failed to respond to AGC's lawful demand for information in furtherance of its investigation within six months from the date of entry of this Court's February 2020 suspension order. AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Yoo Rok Jung, 148 AD3d 1, 3 [2017]). Nonetheless, respondent has failed to respond or appear, demonstrating a clear disregard for his fate as an attorney. Accordingly, we find that, under the circumstances, AGC's motion should be granted and respondent disbarred (see e.g. Matter of Stevenson, 184 AD3d 943, 944 [2020]; Matter of Reynolds, 175 AD3d 1765, 1766 [2019]; Matter of Hessberg, 173 AD3d 1549, 1550 [2019]; Matter of Yu, 170 AD3d 1421 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]).
Egan Jr., J.P., Lynch, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Notably, respondent was additionally suspended from the practice of law by July 2020 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2017 (Matter of Attorneys in Violation of Judiciary Law § 468, 185 AD3d 1373, 1375 [2020]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).