Matter of Wolfe (2021 NY Slip Op 03654)





Matter of Wolfe


2021 NY Slip Op 03654


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

PM-80-21
[*1]In the Matter of Keith R. Wolfe, a Suspended Attorney. (Attorney Registration No. 1510668.)

Calendar Date:April 5, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by the Fourth Department in 1978. He previously maintained a business address in the Village of Chittenango, Madison County, but, by October 2019 order, this Court suspended him indefinitely from the practice of law pending his full cooperation with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) of a December 2018 complaint alleging professional misconduct (Matter of Wolfe, 176 AD3d 1302 [2019]; see Matter of Wolfe, 185 AD3d 1347 [2020]). Respondent most recently became the subject of another investigation of alleged professional misconduct commenced following AGC's receipt of a May 2020 complaint stemming from his alleged abandonment and neglect of a matrimonial client after he was retained in early 2019. Following AGC's repeated unsuccessful attempts to gain respondent's cooperation in the investigation, respondent was sent a notice directing him to appear for a November 2020 sworn examination and provide certain documentation. As a result of respondent's default, AGC, by order to show cause marked returnable April 5, 2021, now moves for an order suspending respondent from the practice of law during the pendency of its investigation pursuant to, among other things, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has not replied to the motion.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notices of complaint and notice of examination, as well as his failure to cooperate by producing his records, despite several requests that he do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and clearly imperils the effectiveness of the attorney disciplinary system (see Matter of Yu, 164 AD3d 1009, 1010 [2018]; Matter of Tan, 164 AD3d 1537, 1538 [2018]).[FN1] Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we again remind respondent of his affirmative and ongoing obligation to respond to or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Cracolici, 173 AD3d 1430, 1432 [2019]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice [*2]of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We note that respondent's significant past disciplinary history includes his disbarment by the Fourth Judicial Department in 1989 for illegal and fraudulent conduct (Matter of Wolfe, 146 AD2d 234 [1989]), from which he was reinstated by that Court in 2001 (Matter of Wolfe, 280 AD2d 1007 [2001]).