Matter of Bruhn (2021 NY Slip Op 05006)





Matter of Bruhn


2021 NY Slip Op 05006


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

PM-120-21
[*1]In the Matter of James Michael Bruhn Jr., an Attorney. (Attorney Registration No. 2653285.)

Calendar Date:August 23, 2021

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1995 and currently maintains a law practice in Ulster County. Following its receipt of a client complaint in November 2019, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into potential misconduct on the part of respondent. In November 2019, AGC sent respondent a notice of complaint requesting that respondent provide a response to the allegations made by his client. Initially, respondent submitted a response to AGC's notice; however, after that point, respondent offered no further cooperation. Specifically, respondent failed to respond to numerous follow-up requests for information and he later failed to appear for a scheduled examination under oath. Accordingly, AGC now moves to suspend respondent from the practice of law during the pendency of its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.9). Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." In order to establish such conduct, an attorney grievance committee may submit evidence establishing that a respondent has "'defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with'" the attorney grievance committee's lawful demands pursuant to its investigation (Matter of McCoy-Jacien, 175 AD3d 801, 802 [2019], quoting Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
Owing to respondent's failure to respond to AGC's motion, we deem the allegations underlying the motion uncontroverted (see Matter of Oluwatobi, 186 AD3d 1875, 1877 [2020]; Matter of Channing, 163 AD3d 1259, 1260 [2018]). In doing so, we find that AGC has submitted sufficient evidence establishing respondent's failure to cooperate with its investigation into the allegations underlying his client's complaint. Although respondent provided a response to AGC's initial request, he failed to respond to all further requests for documents pertaining to the investigation (see Matter of Nestler, 193 AD3d 1320, 1321 [2021]; Matter of Siegel, 193 AD3d 1177, 1177-1178 [2021]; Matter of Burney, 183 AD3d 1005, 1006-1007 [2020]). Further, respondent failed to appear for a scheduled examination under oath, and has made no attempt to contact AGC to request an extension to provide the requested documents, to reschedule the examination or to otherwise indicate any desire to cooperate in the future (see Matter of Basch, 175 AD3d 1772, 1774 [2019]). Respondent's course of conduct "immediately threaten[s] the public interest" and [*2]warrants his suspension during the pendency of AGC's investigation (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see Matter of Cracolici, 173 AD3d 1430, 1431-1432 [2019]). We therefore grant AGC's motion and, in doing so, we remind respondent of his affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order of suspension, and note that his failure to do so may result in his disbarment without further notice (see Matter of Wolfe, 195 AD3d 1224, 1225-1226 [2021]).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of service of this memorandum and order, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]); and it is further
ORDERED that the Attorney Grievance Committee for the Third Judicial Department is directed to serve a copy of this memorandum and order to respondent's address on file with the Office of Court Administration.