Matter of Wolfe (2022 NY Slip Op 01370)





Matter of Wolfe


2022 NY Slip Op 01370


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

PM-41-22
[*1]In the Matter of Keith R. Wolfe, a Suspended Attorney. (Attorney Registration No. 1510668.)

Calendar Date:January 24, 2022

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by the Fourth Department in 1978. He previously maintained a business address in the Village of Chittenango, Madison County, but, by October 2019 order, this Court suspended him from the practice of law indefinitely from the practice of law pending his full cooperation with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) of a December 2018 complaint alleging professional misconduct (Matter of Wolfe, 176 AD3d 1302 [2019]; see Matter of Wolfe, 185 AD3d 1347 [2020]). Thereafter, in an unrelated matter, by June 2021 order, this Court suspended respondent indefinitely due to his failure to cooperate with AGC's investigation of a May 2020 client complaint (Matter of Wolfe, 195 AD3d 1224 [2021]). Moreover, by order also issued in June 2021, the Fourth Department suspended respondent from the practice of law for one year, upon his consent, based upon his admission of further professional misconduct (Matter of Wolfe, 196 AD3d 88 [2021]). All three suspension orders remain extant.[FN1]
AGC now seeks to disbar respondent from the practice of law pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the basis that he failed to respond to AGC's lawful demand for information in furtherance of its investigation within six months from the date of entry of this Court's most recent June 2021 suspension order. AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Brownell, 187 AD3d 1402, 1402 [2020]). Nonetheless, respondent has failed to respond or appear, "demonstrating a clear disregard for his fate as an attorney" (Matter of Brownell, 187 AD3d at 1403). Consequently, we conclude that, under the circumstances, AGC's motion should be granted and respondent disbarred (see e.g. Matter of Stevenson, 184 AD3d 943, 944 [2020]; Matter of Reynolds, 175 AD3d 1765, 1766 [2019]; Matter of Hessberg, 173 AD3d 1549, 1550 [2019]; Matter of Yu, 170 AD3d 1421 [2019]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and [*2]counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent's significant past disciplinary history also includes his disbarment by the Fourth Department in 1989 for illegal and fraudulent conduct (Matter of Wolfe, 146 AD2d 234 [1989], reinstated 280 AD2d 1007 [2001]).