Matter of Bruhn (2022 NY Slip Op 03792)

Matter of Bruhn

2022 NY Slip Op 03792

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

PM-110-22
[*1]In the Matter of James Michael Bruhn Jr., a Suspended Attorney. (Attorney Registration No. 2653285.)

Calendar Date:March 14, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston (John G. Rusk of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1995 and last listed a business address with the Office of Court Administration in the City of Kingston, Ulster County. In August 2021, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moved for respondent's interim suspension, alleging his lack of cooperation with a client complaint. Upon respondent's default, this Court granted the motion and suspended respondent indefinitely by September 2021 order (197 AD3d 1429 [2021]). Respondent now moves for his reinstatement and AGC has been heard in response.
All attorneys seeking reinstatement from suspension must satisfy, by clear and convincing evidence, a three-part test in order to establish their entitlement to relief (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be established that the suspended attorney has complied with both the terms of the order of suspension and all applicable rules of the Court (see Matter of Njogu, 175 AD3d 800, 800 [2019]). Absent additional circumstances, this prong of the test may generally be satisfied with proof that the respondent has not practiced law in New York during the term of his or her suspension and has successfully completed the client notifications and other measures dictated by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15. Second, an attorney seeking reinstatement must establish his or her character and fitness for the practice of law (see Matter of Edelstein, 150 AD3d 1531, 1531 [2017]). Finally, an attorney seeking reinstatement must demonstrate that his or her reinstatement is in the public interest, a two-fold inquiry which requires the attorney to "provide assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [2017]).
In addition to these substantive requirements, all applicants for reinstatement from suspension have certain threshold procedural requirements which must be satisfied, and the nature of those requirements is dictated by the duration of that particular applicant's suspension (see Matter of Jing Tan, 164 AD3d 1515, 1517 [2018]). Respondent, who had not yet been suspended for more than six months at the time of the filing of this motion, therefore appropriately prepared an affidavit in accord with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D (compare Matter of Sklar, 186 AD3d 1773, 1774 [2020]), and we note that he was likewise relieved of the obligation to successfully pass the Multistate Professional Responsibility Examination as a prerequisite to reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
Turning to the merits of respondent's application, there is no indication in his motion papers that he has been practicing in New York in violation of this [*2]Court's order of suspension, and AGC also raises no concerns in this regard. Further, although the affidavit of compliance which respondent filed with this Court in the immediate wake of his suspension was deficient, he has since cured that deficiency with a supplemental filing and AGC raises no issues as to respondent's notifications to clients or other measures which respondent was required to undertake as a consequence of his suspension. We therefore conclude that respondent's compliance with both the order of suspension and the rules applicable to suspended attorneys has been established.
On the issues of respondent's character and fitness and the public's interest in his reinstatement, the circumstances giving rise to his suspension do raise some cause for our concern. Respondent admittedly failed to adequately respond to a client complaint and, when AGC sought to compel his compliance with its investigation, respondent ignored the motion seeking his interim suspension. Moreover, at the time that AGC's suspension motion was filed, respondent had fallen delinquent in his statutory biennial registration obligations (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1), and he failed to resolve that delinquency until after this Court had already suspended him from practice. Nonetheless, there are strong indications that the experience of being suspended from practice has been a wake-up call for respondent. Significantly, shortly after his suspension was imposed, respondent fully cooperated with AGC's investigation such that the matter could be resolved with a measure of finality for the affected client. In his affidavit in support of his motion for reinstatement, respondent also acknowledges his past professional shortcomings and expresses an intent to be more responsive to his clients' needs going forward. We also note that respondent has narrowed the scope of his professional obligations and will limit his practice going forward to those areas with which he is most familiar. To that end, it is noted that the provision of competent representation in each of these discrete practice areas would confer a tangible benefit to the public. Additionally, we acknowledge respondent's demonstrated strong reputation and support within his local legal community, factors which militate toward our conclusion that respondent's transgressions will not be repeated and that his return to practice will not have a deleterious impact on the public as a whole. Accordingly, we conclude that respondent has satisfied his burden and that his entitlement to reinstatement has been established.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's application for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.