Matter of Nestler (2021 NY Slip Op 02584)





Matter of Nestler


2021 NY Slip Op 02584


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

PM-51-21
[*1]In the Matter of Roy Karl Nestler, an Attorney. (Attorney Registration No. 3927910).

Calendar Date:March 29, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2001 and presently operates a law practice in the Town of Bethlehem, Albany County. Alleging that respondent has failed to cooperate with an investigation stemming from a client complaint, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to suspend respondent during the pendency of its investigation pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has submitted an affidavit in response to the motion and AGC has submitted an affirmation in reply.
An attorney may be suspended during the pendency of a disciplinary investigation or proceeding commenced by a grievance committee upon a showing that he or she "has engaged in conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Such conduct may consist of, among other things, "'proof that the respondent has . . . failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation'" (Matter of Cracolici, 173 AD3d 1430, 1431 [2019], quoting Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]).
Here, respondent asserts in his responsive affidavit that AGC's motion should be denied because he has provided some cooperation with AGC's requests and his continued practice of law during the pendency of the investigation presents no danger to the public. However, we note that, despite repeated requests, respondent has only provided one of the four items requested in AGC's November 2020 Notice to Produce Documents and Information. Significantly, the first of the document requests concerns AGC's lawful demand for the production of certain bank statements over a 17-month period that respondent is required to maintain (see generally Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [d] [1] [i]). Nevertheless, despite respondent's apparent acknowledgment in his affidavit that he is in possession of all but two of these statements, none has been provided to AGC as required. Nor has respondent provided the two items of information requested in AGC's notice.
Accordingly, having determined that respondent's failure to comply with AGC's lawful demands constitutes professional misconduct that immediately threatens the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and unquestionably impacts the effectiveness of the attorney disciplinary system (Matter of Stevenson, 177 AD3d 1076, 1077 [2019]; Matter of Yu, 164 AD3d 1009, 1010 [2018), we grant the motion and suspend respondent indefinitely from the practice of law pending his full cooperation and compliance with the investigation, including his production of all of the remaining items set forth in AGC's Notice to Produce Documents and Information[*2]. Further, we remind respondent that he has an affirmative obligation to respond to or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that a failure to do so may result in his disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019], lv dismissed 34 NY3d 943 [2019]; Matter of Evans, 154 AD3d 187, 189—190 [2017]).
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).