Matter of Fauci (2021 NY Slip Op 07345)





Matter of Fauci


2021 NY Slip Op 07345


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

PM-181-21
[*1]In the Matter of Michael Salvatore Fauci, an Attorney. (Attorney Registration No. 2596831.)

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1994 and presently lists a business address in Broome County with the Office of Court Administration. Respondent is currently the subject of three client complaints under investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), all alleging, among other things, that respondent abandoned his representation of his clients. Following AGC's repeated unsuccessful attempts to gain respondent's cooperation in the investigations, respondent was ultimately sent notices directing him to appear for a rescheduled July 2021 sworn examination and provide all requested documentation relating to the three complaints. As a result of respondent's failure to comply with these notices, AGC now moves, by order to show cause marked returnable November 15, 2021, for an order suspending respondent from the practice of law during the pendency of its investigations pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has not responded to the motion.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notices of complaint and notices concerning the rescheduled examination, as well as his failure to cooperate by producing his records in the three files, despite several requests that he do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and clearly imperils the effectiveness of the attorney disciplinary system (see Matter of Nestler, 193 AD3d 1320, 1321 [2021]). Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigations and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Cracolici, 173 AD3d 1430, 1432 [2019]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of [*2]New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).