Matter of Caruso (2022 NY Slip Op 03305)

Matter of Caruso

2022 NY Slip Op 03305

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

PM-104-22
[*1]In the Matter of Becky Leigh Caruso, an Attorney. (Attorney Registration No. 2358166.)

Calendar Date:April 11, 2022

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Becky Leigh Caruso, Windsor, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1990 and presently resides in the Town of Windsor, Broome County.[FN1]
Alleging, among other things, that respondent has been uncooperative in its investigation of a client complaint against her, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has moved for respondent's interim suspension. Respondent was thereafter heard in response to the motion, and AGC submitted papers in reply. Upon our consideration of the parties' submissions, we issued a February 2022 confidential order directing respondent to comply, by March 28, 2022, with AGC's request for her full office file as well as invoices and other billing documentation pertaining to the client at issue. In so adjourning AGC's motion, we pointedly advised respondent that any failure to satisfy our directive could result in her immediate suspension without further notice. By correspondence dated April 4, 2022, AGC has advised that it still has not received the requested documentation which respondent was directed to provide and, despite being noticed of AGC's April 2022 correspondence, respondent has not since offered any further response to either AGC or to this Court.
AGC has broad authority to obtain records and documentation in furtherance of its investigative responsibilities, and this prerogative includes the discretion to compel a respondent under investigation to produce his or her client file and any other documents which, in the view of AGC, are germane to its inquiry (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b]). Furthermore, in order to insure compliance with its investigative requests, AGC is empowered to seek a respondent's immediate suspension from practice upon a showing that the respondent has failed to comply with a lawful demand by AGC and has consequently engaged in conduct which threatens the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]; see also Matter of DiStefano, 154 AD3d 1055, 1056-1057 [2017]).
In the instant case, respondent has exhibited a demonstrated pattern of noncompliance with AGC's investigative inquiries and, on those occasions where she has been nominally cooperative with AGC's requests, her disclosures are typically untimely and inadequate or incomplete. For instance, it was only after AGC filed the instant motion seeking respondent's interim suspension that respondent saw fit to provide a written response to the client complaint now under investigation by AGC. Nevertheless, upon our initial consideration of the parties' submissions and, in particular, the circumstances set forth by respondent, we saw fit to afford respondent a final opportunity to fully comply with AGC's lawful requests for information. Respondent has not availed herself of this final opportunity and has instead clearly demonstrated conduct which immediately threatens the public interest through not only her willful failure to [*2]comply with AGC's requests, but also by her direct contravention of the explicit terms of this Court's prior order (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law, effective immediately (see Matter of Tomney, 175 AD3d 810, 810-811 [2019]).
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the Confidential Memorandum and Order on Motion decided and entered February 24, 2022 is hereby vacated; and it is further
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her, and it is further
ORDERED that, within 20 days from the date of decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Footnotes

Footnote 1: Respondent, who was formerly known by a different surname, was previously suspended from practice for a six-month term upon sustained allegations that she had, among other misconduct, neglected clients and failed to appear at scheduled court proceedings (Matter of Arnold, 50 AD3d 1448 [2008], reinstated 63 AD3d 1275 [2009]).