Matter of Cohen (2022 NY Slip Op 03960)

Matter of Cohen

2022 NY Slip Op 03960

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

PM-111-22
[*1]In the Matter of Robert Morris Cohen, an Attorney. (Attorney Registration No. 1377753.)

Calendar Date:May 23, 2022

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by the First Department in 1972 and presently lists a business address in Saratoga County with Office of Court Administration. In September 2021, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint from one of respondent's clients asserting that respondent abandoned his legal matter and failed to refund the unearned retainer fee. Upon respondent's default in responding to AGC's notices seeking information and a response to the client complaint, as well as AGC's separate notice to produce records and appear for an examination, and respondent's ensuing failure to appear at the scheduled examination to testify under oath, AGC now moves to suspend respondent from practice pending his cooperation with its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.9). Respondent has not responded to the motion.
Our review of the record discloses sufficient evidence establishing respondent's default in responding to AGC's notices of complaint and notice of examination, as well as his failure to appear at the scheduled examination and cooperate with the investigation by producing his records, despite several requests that he do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's failure to comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), it also clearly jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Nestler, 193 AD3d 1320, 1321 [2021]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In so doing, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Fauci, 200 AD3d 1474, 1475 [2021]).
Garry, P.J., Aarons, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear [*2]as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).