Matter of Canizio (2022 NY Slip Op 06221)

Matter of Canizio

2022 NY Slip Op 06221

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

PM-185-22
[*1]In the Matter of Nicholas R. Canizio, an Attorney. (Attorney Registration No. 1623727.)

Calendar Date:August 1, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Nicholas R. Canizio, Kingston, Pennsylvania, respondent pro se.

Per Curiam.
Respondent was admitted to practice by the First Department in 1979 and presently lists a business address in Tioga County with the Office of Court Administration. Upon its receipt of a dishonored check report advising that respondent's attorney escrow account was overdrawn, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation. Respondent initially cooperated with the investigation and AGC was able to produce a preliminary audit of respondent's escrow account for the period between June 2016 and November 2016; however, based upon further questions raised in the course of that review, AGC determined that it was necessary to expand the preliminary audit period by an additional two years, until December 2018. Thereafter, as documented by AGC, respondent repeatedly failed to provide, among other things, the additional escrow account records and documentation requested by AGC in its initial January 2019 correspondence, i.e., copies of the relevant bank information for the period between December 1, 2016 to December 31, 2018 and "[a] breakdown by client of the balance of the account on December 1, 2016." Respondent also defaulted in, among other things, appearing at a scheduled examination to testify under oath.[FN1]
Accordingly, AGC now moves to suspend respondent from practice pending his full cooperation with its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.9). In response, respondent submitted an affirmation, wherein he, among other things, admitted certain irregularities with his attorney escrow account, but — as pointed out by AGC in its reply affirmation — wholly failed to address the substance of the subject motion or provide any of the outstanding information and documentation lawfully demanded by AGC in order to complete its investigation.
Our review of the record discloses sufficient evidence establishing respondent's default in responding to AGC's repeated lawful demands for information and documentation, as well as his failure to appear at the scheduled examination, despite receiving sufficient notice of same (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), it also clearly jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Nestler, 193 AD3d 1320, 1321-1322 [3d Dept 2021]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of Caruso, 205 AD3d 1264, 1265 [3d Dept 2022]). In so doing, we take this [*2]opportunity to "remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice" (Matter of Fauci, 200 AD3d 1474, 1475 [3d Dept 2021]).
Egan Jr., J.P., Aarons, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Footnotes

Footnote 1: AGC has also advised respondent that Office of Court Administration records demonstrate that his attorney registration is delinquent, inasmuch as he has failed to timely register for the biennial period beginning in 2022 (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468—a [Roberts], 197 AD3d 815, 815-16 [3d Dept 2021]). That delinquency continues to date.