Matter of Seligman (2024 NY Slip Op 01377)

Matter of Seligman

2024 NY Slip Op 01377

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

PM-44-24
[*1]In the Matter of Delores Felice Seligman, an Attorney. (Attorney Registration No. 1190180.)

Calendar Date:February 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by the Second Department in 1972, but currently maintains a law office in the City of Kingston, Ulster County. Acting upon multiple dishonored check reports, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has commenced an investigation pertaining to respondent's management of her escrow account and her obligations as a fiduciary. Alleging that respondent has willfully failed to comply with its inquiries, AGC now moves, by order to show cause, to suspend respondent from practice during the pendency of its investigation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [1] [1], [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Additionally, AGC requests an order appointing a limited custodian of respondent's files, specifically noting that respondent's escrow account has been primarily used for the purpose of paying for the healthcare needs of one client (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.21; Rules of App Div, 3d Dept [22 NYCRR] § 806.21). Respondent has not responded to the motion to date.
"A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by th[is] Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). A "[r]espondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Canizio, 210 AD3d 1187, 1188 [3d Dept 2022] [internal citation omitted]). Accordingly, "the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]).
Here, respondent has demonstrated a pattern of her failure to comply with AGC's lawful demands. While respondent was initially in communication with AGC in September 2022 and April 2023, since that time, respondent has ignored at least six notices by AGC to either respond or appear and has accumulated another complaint of professional misconduct, to which she failed to respond, based upon the same escrow account. Importantly, AGC states that it has "no knowledge of whether respondent's escrow account remains open or whether respondent continues to use the account for any purpose." Accordingly, we find that there is an immediate threat to the public should this escrow account remain open and, therefore, we grant AGC's motion, suspending respondent from the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]; Matter of Canizio, 210 AD3d at 1188).
Furthermore, having determined that respondent has placed her clients' interests at substantial risk (see Rules for Atty Disciplinary Matters [22 [*2]NYCRR] § 1240.21 [a]; see also Matter of McCoy-Jacien, 167 AD3d 1414 [3d Dept 2018]), especially given the purpose for which respondent's escrow account has been used, we direct that the Mid-Hudson Women's Bar Association be appointed as custodian to take possession of respondent's files and take appropriate action pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (a).
Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]); and it is further
ORDERED that the Mid-Hudson Women's Bar Association is hereby appointed limited custodian of the client files of respondent for the purpose of taking possession and examining such files and taking such action as deemed proper and advisable to protect the interests of respondent's clients, including, where necessary, the release of the files to respondent's clients upon appropriate request of the client and/or the client's new counsel; and it is further
ORDERED that the Mid-Hudson Women's Bar Association shall comply with the provisions of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (c); and it is further
ORDERED that, if necessary, the Mid-Hudson Women's Bar Association may apply to the Court for appropriate instructions regarding [*3]the proper discharge of its duties as limited custodian; and it is further
ORDERED that, upon application of the Mid-Hudson Women's Bar Association, the Court may determine and award compensation and costs incurred in connection with this order; and it is further
ORDERED that, within 90 days of the entry date of this order, the Mid-Hudson Women's Bar Association shall submit a status report to this Court setting forth all actions taken pursuant to the authority set forth in this order, which shall include the name and address of each client and the disposition of each client's file.