Matter of Gearing (2024 NY Slip Op 03120)

Matter of Gearing

2024 NY Slip Op 03120

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

PM-114-24
[*1]In the Matter of John Frederick Gearing, an Attorney. (Attorney Registration No. 4401782.)

Calendar Date:April 29, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Robert Max Beyer of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and maintains a law office in his home in the Town of Niskayuna, Schenectady County. In May 2023, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) served respondent with notice of a client's complaint alleging that respondent had neglected an appeal of a criminal matter arising in Schenectady City Court, resulting in dismissal of the appeal by the County Court of Schenectady County. Although respondent initially responded to the complaint, he thereafter failed to respond to AGC's subsequent requests for information and failed to appear for an examination under oath. AGC now therefore moves for respondent's interim suspension; respondent has failed to respond to the motion to date.
"A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). A "[r]espondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Canizio, 210 AD3d 1187, 1188 [3d Dept 2022] [internal citation omitted]). Accordingly, "the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]).
Here, respondent has demonstrated a pattern of his failure to comply with AGC's lawful demands. While respondent was initially in communication with AGC up until July 2023, since that time, respondent has ignored at least four notices by AGC to either respond or appear. A review of the record demonstrates that respondent received communications from AGC at the same email address that he utilized in his responsive letterhead in July 2023 and AGC reports that its email communications to that address were not returned as undeliverable. Moreover, respondent used the same physical mailing address in his July 2023 letterhead and AGC reports that its notice of examination was also not returned. Accordingly, we find that respondent was provided with sufficient notice of respondent's ongoing demands and wholly failed to address its outstanding inquiries (see Matter of Canizio, 210 AD3d at 1188). As such, we grant AGC's motion and suspend respondent during the pendency of AGC's investigation and until further order of this Court (see id.).
Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of [*2]this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16).