Matter of Fischer (2025 NY Slip Op 03856)

Matter of Fischer

2025 NY Slip Op 03856

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

PM-144-25
[*1]In the Matter of Kelly Eugene Fischer, an Attorney. (Attorney Registration No. 2112241.)

Calendar Date:June 13, 2025

Before:Egan Jr., J.P., Aarons, Lynch, Ceresia and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Kelly Eugene Fisher, Vestal, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1987 and presently lists a business address in Broome County with the Office of Court Administration. Respondent is currently the subject of four client complaints under investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC). All four clients allege that respondent abandoned their legal matters and failed to return their phone calls, emails or text messages seeking his assistance, among other misconduct. While respondent provided initial responses to AGC regarding two of the four complaints, he failed to respond to requests for additional information and records in those matters. Alleging respondent's default in responding to the Notices of Complaint, a Notice of Examination and his failure to cooperate with its investigation of the client complaints, AGC moved to suspend respondent pending his cooperation with the investigations. Respondent submitted a response, and AGC submitted a reply. By confidential order dated February 27, 2025, we held AGC's motion in abeyance and directed respondent to take certain steps to comply with AGC's investigation by April 14, 2025, largely through the production of various documents and information AGC had sought. In so doing, we advised respondent that any failure to satisfy our directives could result in his immediate suspension without further notice. Thereafter, citing medical issues, respondent moved in April 2025 for a 60-day extension of time in which to comply with our order. By confidential order dated April 25, 2025, respondent's motion was granted, and he was directed to comply with our February 2025 on or before June 13, 2025. AGC now advises by correspondence dated June 16, 2025, that respondent has still failed to comply with the Court's directives. Despite being noticed of this correspondence, respondent has not since offered any response to either AGC or to this Court.
"AGC has broad authority to obtain records and documentation in furtherance of its investigative responsibilities, and this prerogative includes the discretion to compel a respondent under investigation to produce his or her client file and any other documents which, in the view of AGC, are germane to its inquiry" (Matter of Caruso, 205 AD3d 1264, 1264-1265 [3d Dept 2022]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [b]). "A respondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Gearing, 228 AD3d 1055, 1056 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). To that end, "Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) provides that the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter [*2]of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]).
Here, respondent has exhibited a demonstrated pattern of noncompliance with AGC's investigative inquiries, both prior to the initiation of AGC's instant proceeding and while the motion has remained pending before us. On those occasions where he has been nominally cooperative with AGC's requests, he has not provided responses to AGC's subsequent inquiries or requests for information (see Matter of Caruso, 205 AD3d at 1265). On this point, respondent provided initial responses to AGC's Notices of Complaints regarding two of the complaints, but he thereafter failed to provide any response to AGC's follow-up inquiries and requests for certain documents, and now simply relies on those initial responses in response to AGC's instant motion. Respondent likewise does not provide any explanation for why he failed to respond to AGC's follow-up requests for information or why he failed to respond to two subsequent Notices of Complaint sent by AGC after respondent's initial responses to the first two client complaints. While respondent cites certain medical and physical problems and suggests that these maladies have purportedly contributed to his inability to not only manage his case load, but also provide timely and complete responses to AGC's demands for information and records, respondent has not provided medical evidence to support these contentions, but rather simply provided the Court with his own recitation of events, as well as a medical release form, suggesting that the Court may independently verify his claims.
At points where respondent does attempt to rebut client complaints that he was noncommunicative, often providing a day-by-day recitation of interactions with a client, his responses do not contain any proof to support his assertions, such as logs of phone calls; copies of correspondence purportedly sent to clients; copies of calendar entries to support his contentions that he incorrectly calendared a court appearance in one client matter and the examination under oath; documents filed in court on behalf of his clients; and, significantly, billing or accounting statements. A lack of such records, when compared to respondent's detailed day-by-day recitation of interactions with, and actions taken on behalf of, clients appears inconsistent, inasmuch as his responses to both the instant motion and AGC's Notices of Complaints indicate that he likely consulted client files or records to draft such responses and that such records would ostensibly be submitted to support his contentions and to AGC pursuant to its requests.
Notwithstanding respondent's failures to provide AGC with the information and documents it seeks related to the complaints, we provided respondent with additional time to comply with AGC's requests following the commencement of this proceeding, which included an additional 45 days to respond, and, upon respondent's request, an additional 60 days thereafter. In taking this approach, [*3]we put respondent on notice that this was his final opportunity to comply with AGC's requests for information and reiterated that his failure to satisfy these directives may result in his interim suspension from practice until further order of this Court. Despite the additional time allotted, respondent has not provided the requested documentation and information, but rather clearly demonstrated conduct which immediately threatens the public interest through not only his willful failure to comply with AGC's requests, but also by his direct contravention of the explicit terms of our prior orders (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). Accordingly, we grant AGC's motion and suspend respondent during the pendency of AGC's investigation and until further order of this Court. In doing so, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Canizio, 210 AD3d 1187, 1188-1189 [3d Dept 2022]; Matter of Fauci, 200 AD3d 1474, 1475 [3d Dept 2021]).
Egan Jr., J.P., Aarons, Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him; and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory [*4]or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).