Matter of Figueroa (2025 NY Slip Op 05030)

Matter of Figueroa

2025 NY Slip Op 05030

Decided on September 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

PM-210-25
[*1]In the Matter of Daniel Figueroa III, an Attorney. (Attorney Registration No. 4580221.)

Calendar Date:September 2, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Aaron Lawson of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by the First Judicial Department in 2008 and maintains a business address in Rensselaer County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). In July 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint alleging that respondent had engaged in an improper sexual relationship with a client. In August 2024, AGC received a separate client complaint concerning respondent's representation of an indigent client in a criminal matter. Following respondent's failure to respond to either complaint upon AGC's directives, respondent was directed to appear for an examination under oath and to produce various records concerning the representations prior to the examination. While respondent appeared for the examination under oath, he failed to provide the requested documents; thus, the examination was adjourned to allow respondent time to comply with AGC's requests for information. Despite agreeing to a deadline and being provided additional time, respondent ultimately failed to substantively respond to AGC's requests for information. Accordingly, AGC now moves for respondent's interim suspension, and respondent has not provided a response to the motion.
"A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). In this vein, "[a] respondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Gearing, 228 AD3d 1055, 1056 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). To that end, "the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter of Brown, 232 AD3d 981, 982 [3d Dept 2024] [internal quotation marks and citations omitted]).
Here, respondent was provided with multiple opportunities to respond to both complaints, but he ultimately failed to respond to AGC's requests for information. While respondent's testimony at the examination cited various personal and family issues that limited his ability to provide timely and complete responses to AGC, he nonetheless affirmed his intention to disclose the requested documentation at his examination. However, respondent failed to respond to AGC's demands following the examination and likewise has failed to provide such documentation following the institution of this proceeding. Given these facts, it is clear that, despite receiving ample notice of the complaints against him and being provided with multiple opportunities to respond, respondent has failed [*2]to comply with the lawful demands of AGC (see Matter of Canizio, 210 AD3d 1187, 1188 [3d Dept 2022]; see generally Matter of Krinsky, 195 AD3d 1149, 1150-1151 [3d Dept 2021]; Matter of Cracolici, 173 AD3d 1430, 1431 [3d Dept 2019]). Accordingly, we find that that respondent's default in responding to AGC's repeated requests constitutes professional misconduct that immediately threatens the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]), and that his conduct jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Brown, 232 AD3d at 983; Matter of Nestler, 193 AD3d 1320, 1321-1322 [3d Dept 2021]). As such, we grant AGC's motion and suspend respondent during the pendency of AGC's investigation and until further order of this Court (see Matter of Brown, 232 AD3d at 983; Matter of Nestler, 193 AD3d at 1321-1322). In taking this action, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Fischer, 239 AD3d 1229, 1232 [3d Dept 2025]).
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him; and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for [*3]further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).