Matter of Ogunsanya

2026 NY Slip Op 02319

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Adebukola Ogunsanya, an Attorney. (Attorney Registration No. 5679816.)

Decided and Entered:April 16, 2026

PM-68-26

Calendar Date: March 30, 2026

Before: Garry, P.J., Ceresia, Fisher, Corcoran And Ryba, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.

[*1]

Per Curiam.

Respondent was admitted to practice by this Court in 2019 and Office of Court Administration records list her business address in New Jersey. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it is presently investigating six complaints of professional misconduct filed against respondent, which include allegations that respondent and a nonattorney — Sean Mescall — engaged in a fraudulent legal practice that operated under multiple names in New York City, including Prospection Legal Group. Citing respondent's failure to respond to the complaints and to appear at an examination under oath, AGC seeks respondent's interim suspension; despite being duly noticed of AGC's motion, respondent has not submitted a response thereto.

We may suspend an attorney from practice during the pendency of an investigation or proceeding upon our finding that the attorney has engaged in conduct immediately threatening the public interest (see Matter of Gearing, 228 AD3d 1055, 1055-1056 [3d Dept 2024]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). As AGC possesses broad authority to obtain records and documents in furtherance of its investigative responsibilities (see Matter of Caruso, 205 AD3d 1264, 1264 [3d Dept 2022]), Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) provides that the mere failure to comply with the lawful demand of AGC during its investigation provides a sufficient basis to suspend the attorney (see e.g. Matter of Fischer, 239 AD3d 1229, 1230 [3d Dept 2025]; Matter of Brown, 232 AD3d 981, 983 [3d Dept 2024]; Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]). Similarly, an attorney's failure to respond to, among other things, a notice to appear for an examination under oath provides a sufficient basis for his or her immediate suspension (see Matter of Canizio, 210 AD3d 1187, 1188 [3d Dept 2022]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1]).

Here, the record produced by AGC indicates that respondent failed to provide any responses to two of the six complaints, despite being notified of same, and that she likewise failed to appear at the examination under oath and produce certain records sought by AGC in order to aid in its investigations of the complaints. While respondent did submit brief responses to four of the six complaints, the responses largely denied any familiarity with the relevant clients and focused instead on Mescall's conduct and respondent's purported resignation from the firm upon learning of same. Regardless of her knowledge of Mescall's conduct or her attempts to distance herself from Mescall and the firm, respondent has an affirmative obligation, as an attorney licensed to practice law in New York, to respond to AGC's demands and inquiries, and to appear at an examination under oath if so directed. Accordingly, respondent's failure to respond to AGC's notices and to appear at the examination — which conduct is only magnified by [*2]respondent's failure to respond to AGC's instant motion — constitutes professional misconduct that immediately threatens the public interest, jeopardizes the effectiveness of the attorney-disciplinary system and, as a consequence, warrants her interim suspension (see Matter of Figueroa, 241 AD3d 1670, 1672 [3d Dept 2025]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law immediately and until further order of this Court. In suspending respondent, we remind her of her affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that her failure to do so within six months of this order may result in her disbarment without further notice (see Matter of Fischer, 239 AD3d at 1232; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Garry, P.J., Ceresia, Fisher, Corcoran and Ryba, JJ., concur.

ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further

ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her; and it is further

ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9[c]); and it is further

ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).